RESOLUCIÓN
En virtud del poder inherente de este Tribunal de regla-mentar la profesión de la abogacía, el 30 de junio de 1998 aprobamos el Reglamento para, la Asignación de Abogados *654 y Abogadas de Oficio en Procedimientos de Naturaleza Penal. Dicho reglamento estableció un sistema uniforme para la asignación de abogados y abogadas de oficio en procedimientos de naturaleza penal cuando el imputado fuera indigente y no pudiera ser representado por la Socie-dad para la Asistencia Legal o por otra entidad análoga.
Mediante la Ley de la Judicatura del Estado Libre Aso-ciado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. see. 24 et seq.), la Asamblea Legislativa reconoció que “dentro de su facultad de regular el ejercicio de la abogacía”, el Tribunal Supremo tiene la autoridad de “adoptar reglamentación para la asignación de representación legal de oficio a personas de escasos re-cursos económicos en casos criminales” y “establecer crite-rios objetivos para identificar aquellas personas que de-muestren ser indigentes”.
Posteriormente, el Tribunal nombró un Comité para el Estudio de la Asignación de Abogados y Abogadas de Ofi-cio, con el propósito de evaluar el sistema implantado por el reglamento aprobado en 1998 y rendir un informe con sus hallazgos y recomendaciones.
El Comité sometió un informe en el que recomendó que mediante legislación se cree una nueva entidad que instru-mente “un sistema de representación legal compensada” para aquellos casos que la Sociedad para la Asistencia Legal no pudiese atender por razón de conflicto de intereses. El Comité también propuso que el Tribunal Supremo adop-tara unas medidas transitorias destinadas a mejorar el sis-tema vigente. Con estos propósitos el Tribunal le enco-mendó al Secretariado de la Conferencia Judicial que, en coordinación con la Oficina de Administración de los Tribu-nales, evaluara los hallazgos y las recomendaciones del Comité.
Examinado el informe del Comité, a la luz del estudio preparado por el Secretariado de la Conferencia Judicial, al amparo de nuestro poder inherente para regular la pro- *655 fesión y lo dispuesto por la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el Tribunal adopta un nuevo Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, el cual se acompaña como parte integral de esta Resolución.
Este reglamento se distingue por las características si-guientes:
• Reduce de cincuenta a treinta horas el número de horas que un abogado y una abogada de oficio debe donar anualmente antes de recibir compensación.
• Ofrece por primera vez la oportunidad a los abogados y las abogadas que rindan servicios de oficio para que pue-dan solicitar al Programa de Educación Jurídica Continua un crédito por las horas de servicio gratuito. De esta ma-nera los servicios gratuitos de oficio constituirían un meca-nismo no tradicional de enseñanza de cumplimiento según la Regla 14(2) del Reglamento del Programa de Educación Jurídica Continua, y se reconoce la labor de aquellos abo-gados y aquellas abogadas a quienes se les designó la en-comienda de representar de oficio a las personas imputa-das que carecen de recursos económicos para contratar una representación legal privada.
• Desalienta la representación legal fraccionada y las renuncias automáticas de representación legal al reiterar el cumplimiento con los requisitos establecidos en el Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
• Expone afirmativamente que las asignaciones de ofi-cio sólo pueden hacerse en aquellos casos donde la Socie-dad para la Asistencia Legal o cualquier otra entidad aná-loga no pueda ofrecer representación legal a una persona indigente por razones de conflictos de intereses.
• Establece la presunción de que una persona es indi-gente si la Sociedad para la Asistencia Legal así la califica, agilizando el proceso en aquellas instancias en que un juez o raía jueza tenga que hacer una designación de oficio.
*656 • Faculta a la Directora de la Oficina de Administración de los Tribunales a aprobar memorandos, circulares y nor-mas para regir la preparación de las listas de abogados y abogadas, y el procedimiento para el trámite de la compen-sación por los servicios rendidos de oficio.
• Faculta al Juez Presidente para establecer un sis-tema periódico de evaluación del funcionamiento del sis-tema de abogados y abogadas de oficio.
Para permitir la adecuada divulgación de lo aquí dis-puesto y de las normas y procedimientos que en virtud de ello se emitan, este nuevo Reglamento, el cual deroga el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 30 de ju-nio de 1998, entrará en vigor el 1 de septiembre de 2008.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del TribunalSupremo

REGLAMENTO PARA LA ASIGNACIÓN DE ABOGADOS Y ABOGADAS DE OFICIO EN PROCEDIMIENTOS DE NATURALEZA PENAL
CAPÍTULO I. ALCANCE E INTERPRETACIÓN

Regla 1. Base legal

Este reglamento se promulga en virtud del poder inhe-rente del Tribunal Supremo de Puerto Rico para reglamen-tar la profesión de la abogacía en Puerto Rico y de lo dis-puesto en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de *657 agosto de 2003 (4 L.P.R.A. see. 24 et seq.). Su propósito es establecer un sistema uniforme para la asignación de abo-gados y abogadas de oficio en procedimientos de natura-leza penal, sin menoscabar el deber individual de cada pro-fesional del derecho de proveer servicios legales libre de costo a personas indigentes que dispone el Canon 1 del Código de Etica Profesional.

Regla 2. Alcance y extensión

Estas reglas aplicarán en todo procedimiento de natura-leza penal incoado en la jurisdicción del Estado Libre Aso-ciado de Puerto Rico al cual le aplique el derecho constitu-cional a la asistencia de abogado o abogada.
Se asignará un abogado o una abogada de oficio sólo cuando la persona sometida a tal procedimiento sea indi-gente, no pueda ser representada por la Sociedad para la Asistencia Legal, por la entidad sin fines de lucro desig-nada para representar menores de edad o por cualquier entidad análoga competente, y no haya renunciado expre-samente a su derecho a la asistencia de abogado o abogada.
Una vez realizada la designación de oficio, el abogado o la abogada sólo podrá ser relevado o relevada de la desig-nación si cumple con lo dispuesto en el Canon 20 del Có-digo de Etica Profesional. Cualquier abogada o abogado contratado o contratada privadamente deberá también cumplir con lo dispuesto en el Canon 20 antes mencionado, previo a solicitar el relevo de lá representación legal.
El tribunal desalentará los relevos automáticos de re-presentación legal al inicio de los procedimientos y la re-presentación legal fraccionada por etapas.
Con excepción de lo dispuesto sobre la notificación en la Regla 13(a), las demás disposiciones de este reglamento no aplicarán a los abogados y a las abogadas de la Sociedad para la Asistencia Legal. Este reglamento no aplicará a los abogados ni a las abogadas que sean miembros de los co-mités asesores, permanentes o ad hoc del Tribunal Supremo de Puerto Rico, miembros de la Junta Examinadora *658 de Aspirantes al Ejercicio de la Abogacía, miembros de la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía, comisionados o comisionadas especiales y miem-bros de cualquier otra junta, comisión o comité nombrado por el Tribunal Supremo de Puerto Rico. Tampoco aplicará a los abogados ni a las abogadas que pertenezcan a entida-des análogas que sean reconocidas por el Tribunal Supremo de Puerto Rico, o a quienes por disposición legal o limitación de su cargo público no puedan ejercer la práctica privada de la profesión.

Regla 3. Definiciones

Los términos usados en este reglamento tendrán el sig-nificado siguiente:
(a) Procedimiento de naturaleza penal — Todo procedi-miento investigativo, judicial o cuasijudicial, celebrado en la jurisdicción del Estado Libre Asociado de Puerto Rico al que le aplique el derecho constitucional a la asistencia de abogado o abogada, y que como resultado del procedi-miento una persona natural pueda estar sujeta a:
(1) restricción de su libertad mediante arresto;
(2) una o varias de las penas que establece el Có-digo Penal de Puerto Rico, Ley Núm. 149 de 18 de junio de 2004, según enmendada;
(3) una o varias de las medidas dispositivas provis-tas por la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, según enmendada, o
(4) modificación o revocación de medidas de desvío o alternas a la reclusión que conlleve la pérdida o restric-ción de la libertad.
(b) Juez Administrador o Jueza Administradora — se refiere al Juez Administrador o a la Jueza Administradora de la región judicial donde ubica el tribunal donde se cele-bra el procedimiento de naturaleza penal.
(c) Indigente — Persona natural sometida a un procedi-miento de naturaleza penal que demuestre su insolvencia *659 y la imposibilidad de obtener los recursos económicos para procurarse la asistencia de un abogado o una abogada, se-gún los criterios establecidos por la Sociedad para la Asis-tencia Legal o por el Director o la Directora de la Oficina de Administración de los Tribunales.
(d) Abogado o abogada de oficio — Todo abogado o toda abogada admitida a la práctica de la profesión por el Tribunal Supremo de Puerto Rico, miembro del Colegio de Abogados de Puerto Rico, a quien se le designe para repre-sentar de oficio a una persona imputada de delito.
(e) Certificación — Se refiere al procedimiento que debe cumplir todo abogado designado o abogada designada de oficio para que el tribunal pueda aprobarle las horas de servicio gratuito y las horas compensables que procedan conforme a las gestiones realizadas.
(f) Compensación — Remuneración que recibirá un abo-gado o una abogada de oficio por los servicios rendidos, en exceso del número mínimo de horas que deberá donar anualmente como servicio gratuito en la representación de indigentes.
(g) Horas compensables — Tiempo por el cual se tendrá derecho a una remuneración por los servicios rendidos a una persona indigente. Incluye el tiempo de espera en sala cuando el abogado o la abogada de oficio haya comparecido por orden del tribunal y las horas de viaje para rendir ser-vicios necesarios, si debe viajar fuera del municipio donde ubica su residencia u oficina principal para cumplir con su asignación.
(h) Servicio gratuito — Número mínimo de horas que el abogado o la abogada de oficio debe donar anualmente antes de recibir la compensación por sus servicios.
(i) Gastos razonables — Gastos necesarios e indispensables para la efectiva representación de la persona indigente.
(j) Indigencia — Estado de insolvencia económica deter-minado en conformidad con los criterios establecidos por la *660 Sociedad para la Asistencia Legal o por el Director o la Directora de la Oficina de Administración de los Tribunales.
(k) Delegación del Colegio de Abogados — Para efectos de este reglamento y de los procedimientos que adopte la Oficina de Administración de los Tribunales en conformi-dad con la delegación que hace esta reglamentación, la De-legación del Colegio de Abogados será aquella donde ubi-que la oficina del abogado o la abogada de oficio o, en caso de no tenerla, el lugar de su residencia.
CAPÍTULO II. SISTEMA DE SELECCIÓN DE ABO-GADOS Y ABOGADAS DE OFICIO

Regla 4. Administración del sistema de selección de aboga-dos y abogadas de oficio

El sistema de selección de abogados y abogadas de oficio se regirá por las normas que aprobará el Director o la Directora de la Oficina de Administración de los Tribunales (el Director o la Directora de la O AT). Estas normas dis-pondrán, entre otros, sobre los asuntos siguientes:
(a) la forma de seleccionar los abogados y las abogadas que rendirán los servicios de oficio;
(b) la preparación de una lista con los nombres de los abogados y las abogadas sujetos y sujetas a recibir asigna-ciones de oficio;
(c) las personas que estarán a cargo de la supervisión y custodia de la lista;
(d) la frecuencia y forma en que se modificará la lista, y
(e) el modo mediante el cual se determinará el orden de los nombres de la lista para el proceso de asignación de casos de abogados y abogadas de oficio según las normas establecidas.

Regla 5. Evaluación del sistema de abogados y abogadas de oficio

El Director o la Directora de la OAT establecerá meca- *661 nismos para la recopilación de información estadística que permita evaluar el funcionamiento del sistema de aboga-dos y abogadas de oficio, conforme los memorandos, las circulares o las normas administrativas que emita para tales fines. Podrá requerir a las Regiones Judiciales que mantengan registros diarios de las asignaciones de oficio y que preparen informes periódicos con la información que surja de éstos.
El Director o la Directora de la OAT deberá enviar la información recopilada a la Comisión Asesora del Sistema de Asignaciones de Abogados y Abogadas de Oficio, que se creará dentro de los treinta (30) días de entrar en vigor este reglamento para evaluar el funcionamiento del sis-tema y proponer las medidas que sean necesarias para mejorarlo.
Esta Comisión Asesora estará compuesta por siete (7) miembros que serán nombrados por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo de Puerto Rico. La Comisión Asesora rendirá un informe con recomendaciones al Tribunal Supremo de Puerto Rico dentro de los sesenta (60) días de finalizado cada año fiscal.
CAPÍTULO III. DETERMINACIÓN DE INDIGENCIA

Regla 6. Quién hará la determinación

La evaluación inicial sobre la indigencia de una persona imputada de delito que realiza la Sociedad para Asistencia Legal, o la entidad análoga correspondiente, se conside-rará la determinación inicial de indigencia, independiente-mente de si ésta asume o no la representación legal. En aquellos casos donde no se haya evaluado la capacidad eco-nómica de una persona imputada de delito, y ésta compa-rece a sala alegando su indigencia, el juez o la jueza que presida el procedimiento judicial la referirá a las oficinas de la Sociedad para Asistencia Legal, o a la entidad aná-loga correspondiente, y la persona quedará sujeta a la co- *662 rrespondiente determinación de ésta. En los casos excep-cionales en que ello no sea posible, el tribunal realizará la determinación de indigencia conforme los criterios que es-tablezca el Director o la Directora de la OAT.
En los demás procesos cubiertos por este reglamento, la determinación de indigencia la hará el juez o la jueza del tribunal más cercano a la residencia de la persona solicitante.
Regla 7. Presentación de la declaración jurada
Cuando el tribunal tenga que realizar la determinación de indigencia podrá requerirle a la persona que reclama su derecho a la representación legal gratuita que presente evidencia jurada del estado de su insolvencia y de su im-posibilidad de obtener los recursos económicos para pagar los servicios de abogado o abogada. También podrá reque-rirle que presente cualquier otra evidencia que considere necesaria para determinar la indigencia.
En caso de requerir la presentación de la declaración, el juez o la jueza que atienda el procedimiento entregará a la persona indigente copia del formulario uniforme de Decla-ración Jurada sobre Estado de Indigencia emitido por la Oficina de Administración de los Tribunales que contendrá los criterios básicos de elegibilidad y una advertencia sobre las sanciones legales aplicables al solicitante por mentir bajo juramento sobre su situación económica y sobre su posibilidad de obtener recursos económicos para pagar su representación legal. La persona indigente, o la persona que solicite por ésta su derecho a representación legal gra-tuita, completará la declaración jurada en todas sus par-tes, declaración que se unirá al expediente del procedi-miento.

Regla 8. Desacato

Proveer información falsa en la declaración jurada po-drá constituir desacato al tribunal. El tribunal advertirá sobre la posibilidad de incurrir en desacato al momento de *663 examinar la declaración jurada presentada ante su consideración.

Regla 9. Examen de la prueba de indigencia

La determinación inicial de indigencia se hará a base de la evidencia presentada ante el tribunal y de la informa-ción que surja de la faz de la declaración cuando ésta se utilice.
El juez o la jueza que haga la determinación de indigen-cia podrá interrogar a la persona que alegue ser indigente, o a la persona que solicite por ésta la representación legal gratuita, sobre la información vertida en la declaración ju-rada y, de creerlo necesario, solicitará la prueba documen-tal o testimonial que entienda necesaria para comprobar su veracidad.

Regla 10. Revisión de la determinación de indigencia

La determinación de indigencia estará sujeta a revisión por el tribunal al inicio de cualquier etapa del procedimiento. Luego de comenzado un juicio o una vista adjudicativa, la revisión se hará después que el tribunal dicte la sentencia o resolución, o el organismo administra-tivo o cuasijudicial haga la adjudicación correspondiente.

Regla 11. Derecho a obtener representación legal de oficio

Demostrada la indigencia de la persona sometida al pro-cedimiento de naturaleza penal, si ésta no puede ser repre-sentada por la Sociedad para Asistencia Legal u otra enti-dad análoga competente, tendrá derecho a solicitar y a obtener la asignación de un abogado o una abogada de ofi-cio, cuya representación será efectiva mientras subsista su estado de indigencia.

Regla 12. Obligación de pago o reembolso al Estado

En cualquier etapa del procedimiento penal, si surge evidencia que pruebe la solvencia económica de una persona que recibió representación legal de oficio, ya fuese por *664 todo o parte del proceso, ésta pagará directamente al abo-gado o a la abogada de oficio sus honorarios por los servi-cios prestados y los gastos en que incurrió en su defensa.
No obstante lo anterior, en cualquier caso en que el Es-tado haya sufragado todo o parte de las costas y los gastos del procedimiento y los honorarios del abogado o la abo-gada de oficio, la determinación posterior de solvencia eco-nómica obligará a la persona representada de oficio a re-embolsar al Estado la totalidad de lo pagado.
El tribunal podrá ordenar la satisfacción íntegra de lo adeudado al Estado en un solo pago o a plazos, y que se envíe al Secretario de Hacienda. En caso de que dispusiera el pago a plazos, el término máximo para saldar la deuda no deberá exceder un (1) año, salvo que se solicite oportu-namente la extensión del plazo por causa justificada.
CAPÍTULO IV. ASIGNACIÓN DEL ABOGADO O DE LA ABOGADA DE OFICIO

Regla 13. Asignación de abogado o abogada

(a) Notificación de representación legal. Cuando la So-ciedad para Asistencia Legal o cualquier entidad análoga similar acepte representar a una persona imputada de de-lito, deberán notificar el nombre al tribunal mediante una moción, el día en que asuman la representación legal o a más tardar al día siguiente. Asimismo, cuando se deniegue la representación legal a una persona imputada que asistió a una conferencia o entrevista, se deberá notificar me-diante una moción el nombre y las razones para la denega-ción, el día en que se deniegue o a más tardar al día siguiente.
No obstante lo anterior, cuando se deniegue la represen-tación legal por existir un conflicto de intereses entre per-sonas coacusadas de delito, no será necesario exponer el conflicto afirmativamente en el documento de notificación y bastará con indicar que existe un conflicto de intereses entre las personas coacusadas de delito.
*665 (b) Criterios para la: asignación de oficio. Luego que se haya determinado que una persona es indigente y que no puede ser representada por la Sociedad para Asistencia Legal ni por otra entidad análoga competente, el tribunal, previo, a la celebración de la vista preliminar, asignará como abogado o abogada de oficio a aquel o aquella cuyo nombre esté próximo en turno en la lista correspondiente.
Para determinar si en un caso específico el abogado o la abogada próxima en la lista debe ser nombrada o no, el tribunal deberá tomar en consideración los elementos si-guientes:
(1) La complejidad particular del caso, el conoci-miento especializado para atender el procedimiento de na-turaleza penal ante su consideración, los años de experien-cia en la práctica penal y el tipo de casos que atiende con regularidad.
(2) El período de tiempo que tomará el proceso y el calendario de señalamientos cercanos del abogado o de la abogada a ser designado o designada.
(3) El total de casos asignados de oficio que tiene el abogado o la abogada.
(4) El reparo que pueda levantar el abogado o la abogada designado o designada a representar a la persona imputada, ya sea por principios profesionales o personales.
(5) La oposición que pueda levantar la persona im-putada a la designación. En este caso el tribunal celebrará una audiencia para recibir la prueba que sostenga la oposición. Cuando la intimidad de la persona imputada o el derecho a juicio imparcial así lo requiera, la audiencia po-drá celebrarse en privado.
Si existe alguna de estas circunstancias, el tribunal dic-tará una orden en la que asigne representación al abogado o a la abogada que siga en turno en la lista, siempre tomando en consideración los elementos anteriormente enumerados. Sin embargo, no podrá asignar ningún abogado o abogada que haya cumplido con el número de horas requeridas por la Regla 17 hasta tanto se haya agotado la lista.
*666 Al agotarse la lista para las asignaciones de oficio se comenzará nuevamente con el primer abogado o la primera abogada en turno, y así sucesivamente según sea necesario.
(c) Notificación de la asignación de oficio. Al abogado o a la abogada de oficio se le notificará la orden de asigna-ción, primero mediante vía telefónica y luego por correo, con copia de la denuncia. Dicha orden deberá contener la información siguiente:
(1) nombre y dirección postal y física del abogado designado o de la abogada designada y su número de telé-fono;
(2) si la persona imputada está en libertad bajo fianza o si está confinada, en cuyo caso deberá indicar el nombre de la institución carcelaria en la que se encuentra;
(3) fecha de la conferencia con la persona impu-tada, y
(4) fecha del señalamiento para la vista preliminar. También se deberá incluir con la orden la copia de la declaración jurada sobre indigencia, si ésta existe.
La orden de asignación de abogado o abogada de oficio formará parte del expediente penal.
El abogado asignado o la abogada asignada asumirá la representación profesional de la persona indigente de inmediato.
(d) Designación de abogado o abogada auxiliar. Cuando la complejidad del caso lo amerite, el tribunal podrá asig-nar un abogado o una abogada auxiliar para que asista a quien fue designado de oficio. Ambas designaciones esta-rán sujetas a lo establecido en este reglamento.

Regla 14. Duración de la designación

El abogado o la abogada de oficio prestará sus servicios a la persona indigente ante el foro correspondiente a tra-vés de todo el procedimiento, incluidas las etapas apelati-vas, si las hay.
*667 El abogado o la abogada de oficio que por cualquier ra-zón, incluyendo su falta de experiencia en las etapas ape-lativas, no pueda cumplir con la designación en esas eta-pas, así lo informará al tribunal para que asigne un nuevo abogado o una nueva abogada de oficio para el proceso apelativo. En tal caso, el abogado o la abogada de oficio original tendrá la obligación de preparar la Exposición Na-rrativa de la Prueba cuando se requiera y asistirá en la prestación de sus servicios al nuevo abogado o a la nueva abogada de oficio que se designe.

Regla 15. Prestación voluntaria de servicios

Independientemente del procedimiento de asignación de abogado o abogada de oficio establecido en estas reglas, cualquier abogado o abogada que voluntariamente desee representar de forma gratuita a una persona indigente en un caso particular podrá hacerlo con la aprobación del tribunal. El abogado o la abogada interesada presentará ante el foro correspondiente una moción en la que indique su interés en asumir la representación legal en el caso de que se trate. El abogado o la abogada que preste sus servi-cios voluntariamente sólo tendrá derecho al reembolso de los gastos razonables por su gestión, y no podrá solicitar pago alguno a la persona indigente por sus servicios ni podrá facturarlos al tribunal. No obstante, tendrá derecho a solicitar al tribunal una certificación de las horas traba-jadas, que podrá presentar ante el Programa de Educación Jurídica Continua conforme lo establecido en la Regla 17.
CAPÍTULO V. COMPENSACIÓN POR LA GESTIÓN DE OFICIO, REMUNERACIÓN POR SERVICIOS Y REEMBOLSO DE GASTOS

Regla 16. Derecho a una compensación

Todo abogado o toda abogada de oficio tendrá derecho a recibir una compensación por sus servicios y al reembolso de los gastos necesarios y razonables en que incurra en la *668 defensa de una persona indigente. Tanto la compensación como el reembolso estarán sujetos a la aprobación del tribunal según las disposiciones de este capítulo.

Regla 17. Obligación de ofrecer servicio gratuito

A partir de la fecha de vigencia de este reglamento, todo abogado o toda abogada de oficio deberá ofrecer un mínimo de treinta (30) horas de servicio gratuito en cada año natural antes de recibir cualquier compensación por sus ser-vicios bajo este reglamento y deberá solicitar una certifica-ción del tribunal ante el cual prestó el servicio. Completadas las treinta (30) horas, esa certificación o esas certificaciones se podrán presentar ante el Programa de Educación Jurídica Continua, como mecanismo alterno de cumplimiento, para la correspondiente acreditación de una (1) hora crédito de educación jurídica continua por cada cinco (5) horas de trabajo, hasta un total de seis (6) horas crédito.
El total de horas crédito de educación jurídica continua acumulado no excederá de ocho (8) horas en cada periodo de cumplimiento, conforme la Regla 14(2) del Reglamento del Programa de Educación Jurídica Continua.
Aquellos abogados y aquellas abogadas de oficio que no hayan completado las treinta (30) horas de oficio, también podrán presentar al finalizar el año natural la certificación del tribunal por las horas trabajadas ante el Programa de Educación Jurídica Continua, como mecanismo alterno de cumplimiento, para la correspondiente acreditación de una (1) hora crédito por cada cinco (5) horas de trabajo.
La certificación o las certificaciones expedidas por el tribunal conforme lo dispuesto en la Regla 21 deberán pre-sentarse, junto con el formulario que para ese efecto se haya establecido, ante el Programa de Educación Jurídica Continua para la correspondiente acreditación dentro del período de cumplimiento vigente al momento de su expedición. No obstante, el sobrante de las horas certifica- *669 das al amparo de este reglamento también podrá acredi-tarse al próximo periodo de cumplimiento, según lo dis-puesto en la Regla 14(3) del Reglamento del Programa Educación Jurídica Continua.
Las horas crédito que se concedan al amparo de esta regla no podrán utilizarse para sustituir el requisito de cuatro (4) horas crédito, en cursos de ética profesional ni el de seis (6) horas crédito en cursos de derecho notarial que exige la Regla 6 del Reglamento de Educación Jurídica Continua.

Regla 18. Determinación de la Compensación

Completadas las horas de servicio gratuito, el monto de la compensación por las horas trabajadas en exceso estará limitado por la naturaleza del procedimiento y las gestio-nes realizadas.
(a) La compensación se determinará a base de las tari-fas siguientes:
(1) $30 la hora por el tiempo invertido en investi-gación o gestiones fuera del tribunal o foro correspondi-ente.
(2) $60 la hora por el tiempo invertido en sala ante el tribunal o foro correspondiente, así como en la prepara-ción de recursos apelativos.
El pago por hora se computará proporcionalmente en incrementos de cuartos (V4) de hora.
(b) La compensación por servicios rendidos se limitará a las cantidades siguientes:
(1) La compensación por gestiones de oficio en pro-cedimientos relacionados con imputaciones de delito menos grave o faltas équivalentes en los procedimientos de meno-res no excederá la cantidád de $1,500.
(2) La compensación por gestiones de oficio en pro-cedimientos relacionados con imputaciones de delito grave o faltas equivalentes en los procedimientos de menores no excederá la cantidád de $3,500.
*670 Cuando la naturaleza y complejidad del caso y el tiempo invertido lo justifiquen, en el ejercicio razonable de su dis-creción el Juez Administrador o la Jueza Administradora podrá autorizar una compensación en exceso de los límites previamente establecidos.

Regla 19. Reembolso de gastos razonables

Se considerarán gastos razonables susceptibles de re-embolso aquellos en que se ha incurrido por:
(a) viajes en automóvil para gestiones relacionadas con la investigación del caso o para la representación ante el foro correspondiente;
(b) llamadas de larga distancia;
(c) toma de deposiciones;
(d) contratación de peritos;
(e) cualquier otro gasto extraordinario necesario para la gestión de oficio, y
(f) costas
El abogado o la abogada de oficio recibirá el reembolso por gastos de viaje a razón de .300 por milla recorrida fuera del municipio de su residencia o en el cual ubica su oficina. Los gastos por viajes dentro del municipio en que reside, la reproducción rutinaria de documentos, las llama-das o el envío de documentos por líneas telefónicas locales y los gastos menores por franqueo los sufragará el abogado o la abogada de oficio.
Antes de incurrir en un gasto sustancial, es decir, que exceda la cantidad de $250, el abogado o la abogada de oficio deberá obtener por adelantado la autorización del Juez Administrador o de la Jueza Administradora para po-der reclamar el reembolso al culminar el procedimiento

Regla 20. Pago de gastos

El abogado o la abogada de oficio podrá reclamar los gastos susceptibles de reembolso aun en los casos en que no tenga derecho a recibir una compensación por sus servicios.

*671
Regla 21. Procedimiento para solicitar compensación y re-embolso

Dentro del término de treinta (30) días, contados a par-tir de la notificación de la disposición del procedimiento de que se trate, el abogado o la abogada de oficio deberá soli-citar ante el juez o la jueza que presidió el caso, una certi-ficación de las horas trabajadas gratuitamente y de las horas sujetas a compensación, si alguna. La solicitud que el abogado o la abogada presentará bajo juramento, conten-drá la información siguiente:
(a) un desglose de todas las gestiones de oficio realiza-das en el caso, con el detalle del número de horas inverti-das y la fecha de cada gestión;
(b) la fecha de cada resolución dictada en el caso o en otros casos que certifique el cumplimiento de las horas de servicio gratuito;
(c) el total de horas de servicio gratuito ofrecidas en el tribunal y fuera de éste;
(d) el total de horas compensables los servicios ofreci-dos en el tribunal y fuera de éste, si alguna, y
(e) un desglose de todos los gastos razonables, con de-talle de la fecha y la cantidad a reembolsar, si alguno.
La solicitud podrá presentarse en un formulario prepa-rado por la Oficina de Administración de los Tribunales para estos fines.

Regla 22. Término para el pago

Certificadas las horas de servicio gratuito, el juez o la jueza que presidió el procedimiento aprobará el pago de la compensación y el reembolso de costas y gastos que corres-pondan mediante resolución u orden, dentro de los treinta (30) días a partir del recibo de la solicitud, para lo cual se podrá utilizar un formulario preparado por la Oficina de Administración de los Tribunales. En la resolución u orden también se ordenará al Estado a efectuar el reembolso o pago correspondiente. Una vez aprobado el pago, se notifi- *672 cará al Juez Administrador o a la Jueza Administradora con copia del expediente para que proceda a enviar los do-cumentos a la Oficina de Administración de los Tribunales.
El Director o la Directora de la OAT establecerá el pro-cedimiento para tramitar el pago y podrá requerir, entre otros, que los abogados y las abogadas presenten copia de la moción para la certificación de las horas trabajadas gra-tuitamente que se requiere en la Regla 21, y cualesquiera otros documentos necesarios para conceder una compen-sación. El Director o la Directora de la OAT establecerá los formularios de los documentos requeridos, de manera que el trámite sea uniforme en las Regiones Judiciales. No obs-tante lo anterior, de presentarse circunstancias excepcio-nales, el tribunal tendrá la facultad de autorizar pagos parciales previa solicitud para esto.
CAPÍTULO VI. DISPOSICIONES GENERALES

Regla 23. Revisión de determinaciones sobre asignación de abogados o abogadas de oficio y sobre compensación y pago por servicios y gastos de litigación

Cualquier abogado o abogada que reclame que su inclu-sión o exclusión de las listas o que su asignación de oficio en un caso específico fue hecha de manera arbitraria o dis-criminatoria, podrá acudir ante el Tribunal de Apelaciones, según lo dispuesto por la ley de la Judicatura, mediante una petición ex parte presentada dentro del término de diez (10) días a partir de la fecha en que fue notificado de la determinación que impugna.
Cualquier abogado o abogada de oficio que reclame que el juez o la jueza que lo designó para un caso en específico, o cualquier otro funcionario del tribunal, ha actuado de manera arbitraria o discriminatoria en relación con cual-quier asunto cubierto por este reglamento, y que esta con-ducta le ha peijudicado, podrá acudir ante el Tribunal de Apelaciones mediante un certiorari.

*673
Regla 24. Separabilidad

Si cualquier disposición de este reglamento o su aplica-ción a cualquier persona fuera declarada nula o inconstitu-cional, ello no invalidará las disposiciones restantes, las cuales continuarán en pleno vigor.

Regla 25. Vigencia

Este reglamento deroga el Reglamento para la Asigna-ción de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 30 de junio de 1998 y entrará en vigor el 1 de septiembre de 2008.